

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-13-00396-CV

ROSE STARNES                                                    APPELLANT

V.

AH4R I TX DFW, LLC, A                                           APPELLEE
DELAWARE LIMITED LIABILITY
CO.

----------

## FROM COUNTY COURT AT LAW NO. 1 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Rose Starnes, pro se, appeals the trial court's judgment in a forcible entry and detainer suit that awarded possession of 2440 Arroyo Springs Drive, Grand Prairie, Tarrant County, Texas, to Appellee AH4R I TX DFW, LLC, a Delaware Limited Liability Co. Appellee has filed a motion to dismiss this

---

[1]See Tex. R. App. P. 47.4.

appeal as moot, stating that Appellant failed to supersede enforcement of the judgment, a writ of possession was issued, and as a result of the execution of the writ, Appellee is now in possession of the property. Appellant did not file a response to the motion.

A case becomes moot if, at any stage during the proceedings, a controversy ceases to exist between the parties. *See Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001). A judgment of possession in a forcible detainer action determines the right to immediate possession and is not intended to be a final determination of whether the eviction is wrongful. *See Marshall v. Hous. Auth. of the City of San Antonio*, 198 S.W.3d 782, 787 (Tex. 2006); *see also* Tex. R. Civ. P. 510.3 (stating that the only issue before a justice court in eviction cases is "right to actual possession and not title"). Although the failure to supersede a forcible detainer judgment does not divest an appellant of his right to appeal when the appellant is no longer in possession of the premises, an appeal from the judgment in that case becomes moot unless the appellant asserts "a potentially meritorious claim of right to current, actual possession of the [property]." *Marshall*, 198 S.W.3d at 787; *Wilhelm v. Fed. Nat'l Mortg. Ass'n*, 349 S.W.3d 766, 768 (Tex. App.—Houston [14th Dist.] 2011, no pet.).

Appellant failed to supersede the judgment. The judgment has been executed, and Appellee is in possession of the property. Thus, the issue of possession is no longer in controversy. Appellant has failed to assert any

2

potentially meritorious claim of right to current, actual possession of the property.

Accordingly, we grant Appellee's motion and dismiss the appeal as moot.

PER CURIAM

PANEL:  GARDNER, WALKER, and MCCOY, JJ.

DELIVERED:  March 20, 2014